COPY

1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL, State Bar No. 257163
2  cgonell@morganlewis.com
   JOHN D. HAYASHI, State Bar No. 211077
3  jhayashi@morganlewis.com
   ALEXANDER L. GRODAN, State Bar No. 261374
4  agrodan@morganlewis.com
   5 Park Plaza, Suite 1750
5  Irvine, CA 92614
   Tel: 949.399.7000
6  Fax: 949.399.7001

7  Attorneys for Defendants
   JPMORGAN CHASE BANK, N.A. and
8  JPMORGAN CHASE & CO.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  DAWN WILEY, an individual,          Case No.   **CV11-10069 PSG (FMOx)**

13              Plaintiff,              **DEFENDANTS JPMORGAN CHASE
                                        BANK, N.A. AND JPMORGAN CHASE
14         vs.                         & CO.'S NOTICE OF REMOVAL TO
                                        THE UNITED STATES DISTRICT
15  JPMORGAN CHASE BANK, N.A.,         COURT FOR THE CENTRAL
    an Ohio Corporation; JPMORGAN      DISTRICT OF CALIFORNIA**
16  CHASE & CO., a Delaware
    Corporation; and DOES 1 through    Diversity Jurisdiction
17  100, inclusive,
                                        [28 U.S.C. §§ 1332 and 1441(b)]
18              Defendants.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

DB2/ 22817714.2

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendants JPMORGAN CHASE BANK, N.A. and JPMORGAN CHASE & CO.[1], ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California. Removal is based on the following grounds:

## I.   SUMMARY OF THE COMPLAINT

On or about October 27, 2011, Plaintiff Dawn Wiley ("Plaintiff"), a citizen of California, filed a complaint for damages in the Superior Court for the State of California in and for the County of Los Angeles entitled *Dawn Wiley v. JPMorgan Chase Bank, N.A., an Ohio Corporation; JPMorgan Chase & Co., a Delaware Corporation; and Does 1 through 100, Inclusive*, Case No. SC114670 (the "Complaint"). The Complaint alleges wrongful termination, retaliation for participating in a class action against Defendant, disability discrimination, failure to accommodate Plaintiff's alleged disability, failure to engage in the interactive process with Plaintiff, and violation of public policy.

## II.   THE REMOVAL IS TIMELY

This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days of the effective date of service on November 3, 2011. Chase was personally served on November 3, 2011, and, under Cal. Code Civ. Proc. § 415.10, service is deemed effective on that date. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

---

[1] The Complaint improperly names "JPMorgan Chase & Co." as a co-defendant. JPMorgan Chase & Co. did not employ Plaintiff. Plaintiff was employed by JPMorgan Chase Bank, N.A. ("Chase"). JPMorgan Chase & Co. and Chase reserve any and all defenses thereto.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22817714.2

1  **III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

2       Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district

3  courts of the United States have original jurisdiction may be removed from state to

4  federal court.

5       This Court has original jurisdiction under 28 U.S.C. § 1332(a) because

6  Plaintiff is diverse from Defendant, and an amount in controversy exceeding

7  $75,000 is alleged in the Complaint.

8       **A.   Diversity Exists Between The Parties.**

9       The parties meet the diversity requirements of 28 U.S.C. § 1332(a) because

10  Plaintiff is a citizen of a different state from Defendant.

11            1.   Plaintiff is a Citizen of California.

12       At the time Plaintiff filed this action, she alleged that she "is a resident of Los

13  Angeles County, California." *See* Ex. A, Compl. ¶ 5.

14            2.   Defendant Is Not a Citizen of California.

15       For diversity determination purposes, Defendant is diverse from Plaintiff

16  because Defendant is <u>not</u> a citizen of California.  Plaintiff alleges that Defendant

17  JPMorgan Chase & Co. "is a Delaware Corporation." *See* Ex. A, Compl. ¶ 7; *see*

18  *also* Form 10-K for JPMorgan Chase & Co., for the fiscal year ended December 31,

19  2010, available at:

20  http://edgar.sec.gov/Archives/edgar/data/19617/000095012311019773/y86143e10v

21  k.htm (indicating that Defendant is an international holding company incorporated

22  in Delaware with a principal place of business in New York, New York).

23  Accordingly, New York is Defendant's "nerve center," and it is diverse from

24  Plaintiff. *See Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1186, 1192, 175

25  L. Ed. 2d 1029 (2010).

26       Furthermore, the Complaint improperly names "JPMorgan Chase & Co." as a

27  defendant.  JPMorgan Chase & Co. did not employ Plaintiff.  Plaintiff was

28  employed by co-Defendant JPMorgan Chase Bank, N.A. ("Chase"), which is also

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22817714.2

3

DEFENDANT'S NOTICE OF REMOVAL

1   diverse because Plaintiff correctly alleges Chase is a citizen of Ohio. *See* Ex. A,

2   Compl. ¶ 6. Chase is a federally chartered national bank that has designated

3   Columbus, Ohio in its articles of association as the locus of its main office. *See* Ex.

4   C, Articles of Association for JPMorgan Chase Bank (As Amended June 30, 2008).

5   Pursuant to 28 U.S.C. § 1332 and 1348, and the United States Supreme Court's

6   decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that

7   national banks are "located," for diversity jurisdiction purposes, in the state

8   designated in its articles of association as the locus of its main office), Chase is

9   "located," for diversity purposes, in Ohio.

10       Additionally, although Plaintiff has named 100 fictitiously-named "Doe"

11  defendants, the citizenship of these "Doe" defendants is disregarded for purposes of

12  removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-

13  91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under

14  fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311

15  F. 3d 966, 971 (9th Cir. 2002).

16       Accordingly, proper Defendant Chase is not a resident of California for

17  diversity jurisdiction purposes, and is therefore diverse from Plaintiff.

18       **B.    The Amount Plaintiff Places in Controversy Exceeds $75,000.**

19       Removal is proper if, from the allegations of the Complaint and the Notice of

20  Removal, it is more likely than not that the amount in controversy exceeds $75,000.

21  *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999); *Sanchez v.*

22  *Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996).

23       In determining whether the jurisdictional minimum is met, courts consider all

24  recoverable damages, including attorneys' fees. *Hunt v. Washington State Apple*

25  *Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261

26  F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-

27  56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-

28  11 (N.D. Cal. 2002) (holding that a "reasonable estimate of attorneys fees likely to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1    be expended" is included when calculating the amount in controversy).

2    While Defendant denies any and all liability to Plaintiff, the amount in

3    controversy is determined based on the plaintiff's allegations in the complaint.

4    Here, Plaintiff's allegations demonstrate that the amount in controversy exceeds

5    $75,000.  Plaintiff alleges eight causes of action in her Complaint arising out of her

6    employment with Defendant.  Plaintiff complains that these alleged wrongs

7    culminated with her wrongful termination on November 12, 2010.  Compl. ¶ 24.

8    Plaintiff seeks economic damages, including lost wages, from this alleged wrongful

9    termination, lost employee benefits, and her attorneys' fees.  Prayer For Relief

10   ¶¶ 1, 4.

11   Here, the Complaint places over $75,000 in controversy.  According to

12   undisputed pay records, Plaintiff earned $3,235 per month.  Declaration of Michele

13   Cox ¶ 2.  Plaintiff's termination was effective 50 weeks before she filed her

14   Complaint.  Complaint ¶ 24.  Thus, by the time she filed the Complaint, her alleged

15   lost wages alone would have been $37,202.50 ($3,235 per month x 11.5 months).

16   Should this matter proceed to trial, a highly conservative estimate for the time until

17   final judgment would be an additional 12 months.  At that point, the total accrued

18   lost wages -- not including the value of any earned benefits -- would be $76,602.50

19   ($37,202.50 + $3,235 per month x 12 months =  $76,602.50).

20   Plaintiff also seeks to recover attorneys' fees.  Prayer ¶ 4.  Here, attorneys'

21   fees are authorized for Plaintiff's claims under the California Fair Employment and

22   Housing Act.  *See* Gov. Code § 12965(b) (fees to prevailing party under FEHA).

23   Courts have held that an award of attorneys' fees, if such fees are authorized, may

24   be considered for purposes of calculating the amount in controversy.  *Galt G/S*, 142

25   F.3d at 1155-56.  Thus, the amount of attorneys' fees incurred by Plaintiff in

26   connection with prosecuting the instant action would increase the above figures

27   even more, and certainly in excess of the jurisdictional threshold of this Court.

28   Assuming a conservative hourly rate of $300 per hour for Plaintiff's counsel, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

DB2/ 22817714.2

1  attorneys' fees alone would meet the amount in controversy after 250 hours of

2  work.  Plaintiff's counsel would likely exceed this amount during the pretrial phase

3  of litigation (e.g., pleadings, discovery, and dispositive motions) even before trial

4  preparation and trial work are considered.

5  Thus, although Defendant denies Plaintiff's factual allegations and denies

6  that she is entitled to the relief for which she prays, her allegations more than

7  satisfy the $75,000 minimum for diversity jurisdiction under 28 U.S.C. § 1332(a).

8  **C.     This Court Has Original Subject Matter Jurisdiction Under 28**
       **U.S.C. § 1332(a).**

9

10  For the reasons stated above, Plaintiff's allegations in the Complaint

11  establish that:  (1) there is complete diversity of citizenship between Plaintiff and

12  Defendant; and (2) the amount in controversy vastly exceeds $75,000.  Therefore,

13  this Court has original subject matter jurisdiction over this dispute and removal is

14  appropriate.

15  **IV.   VENUE**

16  This action was originally filed in the Superior Court for the County of Los

17  Angeles and is therefore removable to this district.  28 U.S.C. § 1441(a).

18  **V.    NOTICE**

19  Defendants will promptly serve this Notice of Removal on all parties and will

20  promptly file a copy of this Notice of Removal with the clerk of the state court in

21  which the action is pending, as required under 28 U.S.C. § 1446(d).

22  A true and correct copy of Plaintiff's original Complaint is attached hereto as

23  Exhibit A.

24  A true and correct copy of the Declaration of Michele Cox is attached hereto

25  as Exhibit B.

26  A true and correct copy of the Articles of Association for JPMorgan Chase

27  Bank, N.A. are attached hereto as Exhibit C.

28  A true and correct copy of Chase's Answer, filed in the Superior Court, is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

DB2/ 22817714.2

1    attached hereto as Exhibit D.

2    **VI.**    **CONCLUSION**

3        Based on the foregoing, Defendant respectfully requests that this action be

4    removed to this Court.  If any question arises as to the propriety of the removal of

5    this action, Defendant requests the opportunity to present a brief and oral argument

6    in support of its position that this case is removable.

7    Dated:       December 5, 2011       MORGAN, LEWIS & BOCKIUS LLP

8

9                       By

10                         Carrie A. Gonell

                          Attorneys for Defendant

11                         JPMORGAN CHASE BANK, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22817714.2

7

DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT "A"

1  LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich, Esq., Cal. State Bar No. 186670
2  (E-Mail: mark@yablonovichlaw.com)
Neda Roshanian, Esq., Cal. State Bar No. 225337
3  (E-Mail: neda@yablonovichlaw.com)
Michael Coats, Esq., Cal. State Bar No. 258941
4  (E-Mail: michael@yablonovichlaw.com)
1875 Century Park East, Suite 700
5  Los Angeles, California 90067-2508
Telephone: (310) 286-0246 • Fax: (310) 407-5391

6

7  Attorneys for Plaintiff Dawn Wiley

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **IN AND FOR THE COUNTY OF LOS ANGELES**

10

11  DAWN WILEY, an individual,

12      Plaintiff,

13      vs.

14  JP MORGAN CHASE BANK, N.A., an Ohio
Corporation; JPMORGAN CHASE & CO., a
15  Delaware Corporation; and DOES 1 through
100, inclusive,
16
    Defendants.
17

Case No.: **SC114670**

**COMPLAINT**

(1) Wrongful Termination in Violation of California Labor Code § 98.6(a)
(2) Retaliation in Violation of California Labor Code § 232.5(c)
(3) Disability Discrimination in Violation of California Government Code § 12921(a)
(4) Wrongful Termination in Violation of California Government Code § 12940(a)
(5) Disability Discrimination in Violation of California Government Code § 12940(a)
(6) Failure to Accommodate in Violation of California Government Code § 12940(m)
(7) Failure to Engage in an Interactive Process in with Plaintiff Violation of California Government Code § 12940(n)
(8) Violation of Public Policy

**Request for Jury Trial**

FILED
LOS ANGELES SUPERIOR COURT
OCT 2 7 2011
JOHN A. CLARKE, CLERK
BY D. McKINNEY, DEPUTY

LINDA K. LEFKOWITZ
CASE MANAGEMENT CONFERENCE
3/5/11  Dept M
6:30 AM
Date

A6037
39500
90230

**COMPLAINT**

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

Plaintiff DAWN WILEY ("Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1.      The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.      Plaintiff DAWN WILEY is a resident of Los Angeles County, California.

6.      Defendant JP MORGAN CHASE BANK, N.A. was and is, upon information and belief, an Ohio Corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and the various states of the United States of America.

7.      Defendant JPMORGAN CHASE & CO. was and is, upon information and belief, a Delaware Corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and the various states of the United States of America.

8.      Defendants JP MORGAN CHASE BANK, N.A. and JPMORGAN CHASE &

-1-

EXHIBIT "A" - PAGE 3

1  CO. are referred to collectively herein as "JPMORGAN CHASE."

2        9.    Plaintiff is unaware of the true names or capacities of Defendants sued herein

3  under the fictitious names DOES 1 through 100, but prays for leave to amend and serve such

4  fictitiously named Defendants pursuant to California Code of Civil Procedure section 474

5  once their names and capacities become known.

6       10.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through

7  100 are the partners, agents, owners, shareholders, managers or employees of JPMORGAN

8  CHASE, and were acting on behalf of JPMORGAN CHASE at all relevant times.

9       11.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

10  acts and omissions alleged herein were performed by, or are attributable to JPMORGAN

11  CHASE and DOES 1 through 100 (collectively "Defendants"), each acting as the agent for the

12  other, with legal authority to act on the other's behalf.  The acts of any and all Defendants

13  were in accordance with, and represent the official policy of, Defendants.

14       12.    At all relevant times herein mentioned, Defendants, and each of them, ratified

15  each and every act or omission complained of herein.  At all times herein mentioned,

16  Defendants, and each of them, aided and abetted the acts and omissions of each and all the

17  other Defendants in proximately causing the damages herein alleged.

18       13.    Plaintiff is informed and believes, and thereon alleges, that each of said

19  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20  omissions, occurrences, and transactions alleged herein.

21       14.    Defendants were, and are, upon information and belief, subject to suit under the

22  California Fair Employment and Housing Act, Government Code Section 12900, et seq.

23  ("FEHA") in that it regularly employs five or more persons.

24                **GENERAL ALLEGATIONS**

25       15.    At all relevant times set forth, Defendants employed Plaintiff as a Loan Officer

26  at Defendant's Culver City office from approximately January 19, 2010 through November

27  12, 2010.

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

EXHIBIT "A" - PAGE 4

16.     Plaintiff suffered work-related injuries to her neck, arms, shoulders and back. Plaintiff sought medical care due to the pain she suffered as a result of her work-related injuries.

17.     On or about September 1, 2010 Plaintiff provided Defendants with notice from her doctor that she was undergoing medical care for her work-related injuries.  On or about September 2, 2010, Plaintiff went on disability leave.

18.     In approximately September, 2010, Plaintiff consulted with attorneys about serving as a class representative in a wage and hour class action lawsuit then being initiated against Defendants.

19.     On or about October 1, 2010, Plaintiff provided Defendants with further notice from her doctor that she was undergoing care for her injuries, and would continue to undergo such care through at least November 5, 2010.

20.     Plaintiff ultimately retained counsel to pursue the wage and hour action, which included claims for violations of California Labor Code § 226(a) and California Business & Professions Code §§ 17200, et seq.  The class action complaint ("Class Action") was filed on October 20, 2010.

21.     On or about October 20, 2010, Defendants informed Plaintiff that her disability claim was denied.

22.     On or about October 29, 2010, Plaintiff again provided Defendants with notice from her doctor that she was continuing to undergo medical care for her injuries, and would continue to undergo such care through at least November 30, 2010.

23.     On or about November 9, 2010, Plaintiff spoke with her manager, Buddie Krugh ("Krugh") about extending her medical leave since she was still undergoing care for her work-related injuries.  Krugh informed Plaintiff that he would speak with Defendants' Human Resources department about extending her disability leave.

24.     On or about November 9, 2010 – approximately three weeks after the Class Action was filed – Defendants mailed Plaintiff a letter dated November 9, 2010, indicating

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

-3-
COMPLAINT

1    that her employment would be terminated as of November 12, 2010.

2         25.    On or about November 12, 2010, Plaintiff received Defendant's letter of

3    November 9, 2010 informing her that she had been terminated.

4         26.    On November 15, 2010, three days after Defendants terminated Plaintiff's

5    employment, Defendants filed an answer to the Class Action.

6         27.    Plaintiff is informed and believes and thereon alleges that Defendants

7    wrongfully denied her disability leave and/or wrongfully terminated her employment in

8    retaliation for pursuing her claims against Defendants in the Class Action and/or because she

9    had a physical disability.

10               **SATISFACTION OF ADMINISTRATIVE PREREQUISITES**

11        28.    The FEHA provides that an aggrieved employee may file a verified complaint

12   and request an immediate a right-to-sue letter, provided that such complaint is filed within one

13   year of the alleged unlawful practice.

14        29.    In accordance with the requirements of the FEHA, within one year of Plaintiff's

15   termination, on or about August 22, 2011, Plaintiff timely filed a complaint with the

16   Department of Fair Employment and Housing ("DFEH") requesting that it issue her an

17   immediate right-to-sue notice.  (A copy of Plaintiff's DFEH complaint is attached hereto as

18   Exhibit "A" and is incorporated by this reference as though fully set forth).

19        30.    On August 30, 2011, the DFEH issued Plaintiff a right-to-sue notice.  (A copy

20   of the DFEH right-to-sue notice is attached hereto as Exhibit "B" and is incorporated by this

21   reference as though fully set forth).

22        31.    Plaintiff has therefore satisfied the administrative prerequisite to filing this civil

23   action.

24                          **FIRST CAUSE OF ACTION**

25        **Wrongful Discharge in Violation of California Labor Code Section 98.6(a)**

26                        **(Plaintiff Against All Defendants)**

27        32.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

28

LAW OFFICES OF
**MARK YABLONOVICH**
LOS ANGELES

1    material allegations set out in paragraphs 1 through 31.

2         33.    At all relevant times herein, California Labor Code section 98.6(a) provides

3    that "[n]o person shall discharge an employee . . . because the employee . . . filed a bona fide

4    complaint or claim or instituted or caused to be instituted any proceeding under or relating to

5    his or her rights, which are under the jurisdiction of the Labor Commissioner . . . because of

6    the exercise by the employee . . . of any rights afforded him or her."

7         34.    In violation of Labor Code Section 98.6(a), Defendants unlawfully and

8    willfully retaliated against Plaintiff by terminating her employment because she exercised her

9    right to institute the Class Action against Defendants.

10        35.    As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff

11   has been damaged as herein described in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

**Wrongful Discharge in Violation of California Labor Code Section 232.5(c)**

**(Plaintiff Against All Defendants)**

15        36.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

16   material allegations set out in paragraphs 1 through 35.

17        37.    At all relevant times herein, California Labor Code section 232.5(c) provides

18   that "[n]o employer may . . . [d]ischarge, formally discipline, or otherwise discriminate

19   against an employee who discloses information about the employer's working conditions."

20        38.    In violation of Labor Code section 232.5(c), Defendants unlawfully and

21   willfully retaliated against Plaintiff by terminating her employment because she disclosed

22   information about the working conditions of Defendants' business in the Class Action.

23        39.    As a direct and proximate result of Defendants' unlawful discharge, Plaintiff

24   has been damaged as herein described in an amount according to proof at trial.

25   //

26   //

27   //

28

-5-

COMPLAINT

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

**THIRD CAUSE OF ACTION**

**Disability Discrimination in Violation of California Government Code §§ 12921(a)**

**(Plaintiff Against All Defendants)**

40.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 39.

41.     At all relevant times herein, California Government Code section 12921(a) provides that "[t]he opportunity to ... hold employment without discrimination because of ... [a] physical disability, mental disability, [or] medical condition ... is hereby recognized as and declared to be a civil right."

42.     As alleged herein, Plaintiff suffered from a physical disability as a result of work-related injuries.

43.     In violation of Government Code section 12921(a), Defendants unlawfully and willfully discriminated against Plaintiff by denying her disability leave and/or terminating her employment because she suffered from a physical disability.

44.     As a direct and proximate result of Defendants' unlawful termination of Plaintiff's employment, Plaintiff has been damaged as herein described in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION**

**Wrongful Termination in Violation of California Government Code § 12940(a)**

**(Plaintiff Against All Defendants)**

45.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46.     At all relevant times herein, California Government Code section 12940(a) provides that it is an unlawful employment practice for an employer, because of a "physical disability, mental disability, [or] medical condition ... to discharge [a] person from employment..."

47.     As alleged herein, Plaintiff suffered from a physical disability as a result of

-6-

COMPLAINT

EXHIBIT "A" - PAGE 8

1    work-related injuries.

2        48.    In violation of Government Code section 12940(a), Defendants unlawfully and

3    willfully discharged Plaintiff because she suffered from a physical disability.

4        49.    As a direct and proximate result of Defendants' unlawful termination of

5    Plaintiff's employment, Plaintiff has been damaged as herein described in an amount

6    according to proof at trial.

7                            **FIFTH CAUSE OF ACTION**

8    **Disability Discrimination in Violation of California Government Code §§ 12940(a)**

9                            **(Plaintiff Against All Defendants)**

10       50.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

11   material allegations set out in paragraphs 1 through 49.

12       51.    At all relevant times herein, California Government Code section 12940(a)

13   provides that it is an unlawful employment practice, because of a "physical disability, mental

14   disability, [or] medical condition, … to discriminate against the person in compensation or in

15   terms, conditions, or privileges of employment."

16       52.    As alleged herein, Plaintiff suffered from a physical disability as a result of

17   work-related injuries.

18       53.    In violation of Government Code section 12940(a), Defendants unlawfully and

19   willfully discriminated against Plaintiff by terminating her employment and/or denying her

20   medical leave because Plaintiff suffered from a physical disability.

21       54.    As a direct and proximate result of Defendants' unlawful termination of

22   Plaintiff's employment and/or denial of medical leave, Plaintiff has been damaged as herein

23   described in an amount according to proof at trial.

24                            **SIXTH CAUSE OF ACTION**

25   **Failure to Accommodate in Violation of California Government Code §§ 12940(m)**

26                            **(Plaintiff Against All Defendants)**

27       55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

28   material allegations set out in paragraphs 1 through 54.

LAW OFFICES OF
**MARK YABLONOVICH**
LOS ANGELES

-7-

56.     At all relevant times herein, California Government Code section 12940(m) provides that it is an unlawful employment practice "[f]or an employer ... to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

57.     As alleged herein, Plaintiff requested that Defendants grant her medical leave because of the physical disability she suffered as a result of work-related injuries.

58.     In violation of Government Code section 12940(m), Defendants unlawfully and willfully failed to accommodate Plaintiff's physical or mental disability by denying her request for medical leave and/or terminating her employment.

59.     As a direct and proximate result of Defendants' unlawful termination of Plaintiff's employment, Plaintiff has been damaged as herein described in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

### Failure to Engage in an Interactive Process with Plaintiff in

### Violation of California Government Code §§ 12940(n)

#### (Plaintiff Against All Defendants)

60.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 59.

61.     At all relevant times herein, California Government Code section 12940(n) provides that it is an unlawful employment practice "[f]or an employer ... to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

62.     As alleged herein, Plaintiff requested that Defendants grant her medical leave because of the physical disability she suffered as a result of work-related injuries.

-8-

EXHIBIT "A" - PAGE 10

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

63.     In violation of Government Code section 12940(n), Defendants unlawfully and willfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations due to her physical disability in response to Plaintiff's request for medical leave.

64.     As a direct and proximate result of Defendants' unlawful termination of Plaintiff's employment, Plaintiff has been damaged as herein described in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### Violation of Public Policy

### (Plaintiff Against All Defendants)

65.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 64.

66.     At all relevant times herein, California Labor Code sections 98.6(a) and 232.5(c) codify the public policy of prohibiting employers from retaliating against employees who disclose information about working conditions or institute proceedings against their employers.

67.     At all relevant times herein, California Government Code sections 12920, 12921(a), and 12940(a) codify the public policy of prohibiting employers from discriminating against and/or discharging employees with physical disabilities.

68.     In violation of public policy, Defendants unlawfully and willfully retaliated and/or discriminated against Plaintiff by terminating her employment and/or denying her medical leave because she served as a class representative in the Class Action and/or because she suffered from a physical disability.

69.     As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has been damaged as herein described in an amount according to proof at trial.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

-9-

EXHIBIT "A" - PAGE 11

1

**PRAYER FOR RELIEF**

2        Plaintiff prays for relief and judgment against Defendants, jointly and severally, as

3    follows:

4        1.      For economic damages including lost wages, lost employee benefits, and other

5    economic damages according to proof;

6        2.      For special, compensatory, consequential, and general damages according to

7    proof;

8        3.      For an award of interest, including prejudgment and postjudgment interest at

9    the legal rate;

10       4.      For costs of suit incurred by Plaintiff, including reasonable attorneys' fees and

11   expenses pursuant to California Government Code section 12965(b) and/or California Code of

12   Civil Procedure section 1021.5.

13       5.      For such other relief as this Court deems just and proper.

14

15

16   Dated:  October 26, 2011

17                                      LAW OFFICES OF MARK YABLONOVICH

18                                      By:

19                                         Mark Yablonovich, Esq.
                                           Neda Roshanian, Esq.
                                           Michael Coats, Esq.

20

21                                      Attorneys for Plaintiff Dawn Wiley

22

23

24

25

26

27

28

# EXHIBIT "B"

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, State Bar No. 211077
jhayashi@morganlewis.com
ALEXANDER L. GRODAN, State Bar No. 261374
agrodan@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000
Fax:  949.399.7001

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
JPMORGAN CHASE & CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WILEY, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JPMORGAN CHASE BANK, N.A., an Ohio Corporation; JPMORGAN CHASE & CO., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DECLARATION OF MICHELE COX IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Diversity Jurisdiction<br><br>[28 U.S.C. §§ 1332 and 1441(b)] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22825611.1

DECLARATION OF MICHELE COX IN
SUPPORT OF DEFENDANTS'
NOTICE OF REMOVAL
EXHIBIT "B" - PAGE 14

## DECLARATION OF MICHELE COX

I, Michele Cox, declare as follows:

1.      I currently serve as Vice President – HR Business Partner - Manager I for Defendant JPMorgan Chase Bank, N.A. ("Chase"). In my capacity as HR Business Partner, I have access to various Chase employee records, which are kept in the ordinary course of Chase's business. I have personal knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I could and would competently testify of these facts.

2.      Employee records for Dawn Wiley indicate that she was paid $32,350.46 in compensation between January 2010 and October of 2010.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is information true and correct. Executed this 5 day of December 2011 at San Diego, CA .

_Michele Cox_
Michele Cox

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22825611.1

2

# EXHIBIT "C"

# JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

## CHARTER NO. 8

## ARTICLES OF ASSOCIATION

### (As Amended June 30, 2008)

For the purpose of organizing an Association to perform any lawful activities of national banks, the undersigned do enter into the following Articles of Association:

FIRST.  The title of this Association shall be JPMorgan Chase Bank, National Association (the "Association").

SECOND.  The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio.  The general business of the Association shall be conducted at its main office and its branches.

THIRD.  The board of directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full board of directors or by resolution of a majority of the shareholders at any annual or special meeting thereof.

FOURTH.  There shall be an annual meeting of the shareholders to elect directors and transact whatever other business may be brought before the meeting.  It shall be held at the main office or any other convenient place and on such date as the board of directors may designate.

FIFTH.  The authorized amount of capital stock of this Association shall be $1,815,000,000, divided into 150,000,000 shares of common stock of the par value of $12 each and 15,000,000 shares of preferred stock of the par value of $1 each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

In the event of any such increase in the capital stock of this Association by the sale of additional shares or the distribution of additional shares as a stock dividend, each shareholder of this Association (unless otherwise provided by the shareholders' vote or votes authorizing the increase) shall be entitled, in proportion to the number of shares of said capital stock owned by him before such increase, to proportionate rights in respect of such additional shares as follows: (1) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace one or more whole shares of such additional shares, to receive (a) in the case of a sale, a transferable warrant entitling the holder to subscribe, within the specified subscription period, for such one or more whole shares of such additional shares or (b) in the case of a stock dividend, a certificate evidencing such one or more whole shares of such additional shares; and

EXHIBIT "C" - PAGE 17

(2) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace a fraction of a share, to receive (a) in the case of a sale, a fractional subscription warrant, conditioned that it shall be void unless, within the specified subscription period, it is combined with other such fractional subscription warrants in the aggregate entitling the holder thereof to subscribe for a whole share or whole shares of such additional shares and such subscription is completed by such holder of such combined fractional warrants or (b) in the case of a stock dividend, a fractional warrant which shall not represent or entitle the holder thereof to any of the privileges of a shareholder of this Association but may be combined with other such fractional warrants in the aggregate entitling the holder thereof to exchange them for a whole share or whole shares of such additional shares and conditioned that the holder exchanging such combined fractional warrants for such whole share or whole shares of such additional shares shall receive any dividends applicable to such whole share or whole shares declared after the date of such fractional warrants and payable in respect of such whole share or whole shares at the time of such exchange.

In the event of an increase in the capital stock of this Association in pursuance of a statutory consolidation to which this Association may be a party, the additional shares shall be issued in such a manner as the contract or plan of consolidation may provide, pursuant to and in contemplation of the statute under which said consolidation is effected.

In the event of an increase in the capital stock of this Association in pursuance of a plan or contract (other than in the case of a statutory consolidation) for the acquisition by this Association of the assets, in whole or in part, and the good will of another banking institution or banker, the additional shares shall be subscribed for by or issued to any persons, firms, trustees or corporations, whether or not shareholders of this Association, as, in its discretion in the execution of such plan or contract, the Board of Directors may approve.

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH.  The Board of Directors shall appoint one of its members President of this Association, who shall be Chairman of the Board; but the Board of Directors may appoint a director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors.  The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier and such other officers as may be required to transact the business of this Association; to fix the salaries to be paid to all officers of this Association; and to dismiss such officers, or any of them; but the Board of Directors may delegate the authority to exercise such powers of appointment, salary determination and dismissal.

The Board of Directors shall have the power to define the duties of officers and employees of this Association, to require bonds from them, and to fix the penalty thereof; to regulate the manner in which directors shall be elected or appointed, and to appoint judges of election; in the event of an increase of the capital stock of this Association to regulate the manner in which such increase shall be made; to make all by-laws that it may be lawful for them to make for the general regulation of the business of this Association and the management of its affairs; and generally to do and perform all acts that it may be lawful for a Board of Directors to do and perform.

#48681 v4

EXHIBIT "C" - PAGE 18

SEVENTH.  The board of directors shall have the power to change the location of the main office to any other location permitted under applicable law, without the approval of the shareholders, and shall have the power to establish or change the location of any branch or branches of the Association to any other location permitted under applicable law, without the approval of the shareholders subject to such limitations as from time to time may be provided by law.

EIGHTH.  The corporate existence of this Association shall continue until termination according to the laws of the United States.

NINTH.  These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

In witness whereof, we have hereunto set our hands as of June 30, 2008.

By /s/ James Dimon
James Dimon

By /s/ Frank J. Bisignano
Frank J. Bisignano

By /s/ Steven D. Black
Steven D. Black

By /s/ Michael J. Cavanagh
Michael J. Cavanagh

By /s/ Charles W. Scharf
Charles W. Scharf

By /s/ James E. Staley
James E. Staley

# EXHIBIT "D"

1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL, State Bar No. 257163
2  cgonell@morganlewis.com
   JOHN D. HAYASHI, State Bar No. 211077
3  jhayashi@morganlewis.com
   ALEXANDER L. GRODAN, State Bar No. 261374
4  agrodan@morganlewis.com
   5 Park Plaza, Suite 1750
5  Irvine, CA  92614
   Tel:  949.399.7000
6  Fax:  949.399.7001

7  Attorneys for Defendants
   JPMORGAN CHASE, N.A. and
8  JPMORGAN CHASE & CO.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 2 2011

John A. Clarke, Executive Officer/Clerk

By M. Vanderman, Deputy

9
10              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                       COUNTY OF LOS ANGELES
12

| | |
|---|---|
| 13  DAWN WILEY, an individual, | Case No. SC114670 |
| 14                 Plaintiff, | Assigned For All Purposes To: |
| 15         vs. | Hon. Linda K. Lefkowitz – Dept. M |
| 16  JPMORGAN CHASE, N.A., an Ohio Corporation; JPMORGAN CHASE & CO., a Delaware Corporation; and DOES 1 through 100, inclusive, | **DEFENDANTS JPMORGAN CHASE, N.A. AND JPMORGAN CHASE & CO.'S ANSWER TO COMPLAINT** |
| 17 | |
| 18                 Defendants. | Complaint Filed:     October 27, 2011 |
| 19 | Trial Date:          None Set |

20

21        Defendants JPMORGAN CHASE, N.A. and JPMORGAN CHASE & CO.[1] (together

22  "Defendants" or "Chase") answers the unverified Complaint ("Complaint") of Plaintiff DAWN

23  WILEY ("Plaintiff") as follows:

24                              **GENERAL DENIAL**

25        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally

26  and specifically, each and every allegation in the Complaint. Defendant further denies, generally

27  ───────────────
   [1]  The Complaint improperly names "JPMorgan Chase & Co." as a co-defendant.  JPMorgan
28  Chase & Co. did not employ Plaintiff.  Plaintiff was employed by JPMorgan Chase Bank, N.A.
   ("Chase").  JPMorgan Chase & Co. and Chase reserve any and all defenses thereto.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22817696.2

ANSWER

EXHIBIT "D" - PAGE 21

1    and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will

2    be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or

3    any of its past or present agents, representatives, or employees, acting in the course and scope of

4    their employment.

5                                    **DEFENSES**

6          Defendant also asserts the following defenses, without admitting any obligations

7    regarding who bears the burden of proof or persuasion as to any one of them and prays for

8    judgment as set forth below:

9                                  **FIRST DEFENSE**

10                             **(Failure to State a Claim)**

11         1.      Plaintiff is barred from recovery because the Complaint and each and every cause

12   of action contained therein fails to state facts sufficient to constitute a cause of action upon which

13   relief may be granted.

14                                **SECOND DEFENSE**

15                             **(Statutes of Limitations)**

16         2.      The Complaint, and each purported cause of action contained therein, is barred in

17   whole or in part by all applicable statutes of limitation, including but not limited to California

18   Code of Civil Procedure §§ 335.1, 338, and 339; California Labor Code § 203; and California

19   Government Code §§ 12960(d) and 12965(b).

20                                 **THIRD DEFENSE**

21          **(Failure to Exhaust Internal and/or Administrative Remedies)**

22         3.      Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA")

23   are barred to the extent they exceed the scope of the complaint Plaintiff filed with the California

24   Department of Fair Employment and Housing.

25                                **FOURTH DEFENSE**

26                    **(Misjoinder of Parties/Not the Employer)**

27         4.      The claims of Plaintiff are barred against Defendants to the extent Defendants

28   were not the employer of Plaintiff.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-2-

DB2/ 22817696.2                          ANSWER

                                                          EXHIBIT "D" - PAGE 22

## FIFTH DEFENSE

### (Release)

5.      To the extent Plaintiff has released claims alleged in the Complaint, her claims are barred by those releases.

## SIXTH DEFENSE

### (Res Judicata/Collateral Estoppel)

6.      The Complaint, and each purported cause of action contained therein, are barred by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH DEFENSE

### (Uncertainty)

7.      Plaintiff's claims are ambiguous, uncertain, and unintelligible and essential facts are omitted and/or improperly appear only inferentially, as conclusions of law, or by way of recitals.

## EIGHTH DEFENSE

### (Laches)

8.      The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

### (Failure to Mitigate)

9.      Plaintiff has failed to mitigate her damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

## TENTH DEFENSE

### (Just and Proper Exercise of Managerial Discretion)

10.      Plaintiff's claims are barred because Chase's actions were a just and proper exercise of management discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22817696.2                    ANSWER                    EXHIBIT "D" - PAGE 23

### ELEVENTH DEFENSE

#### (Mixed Motives)

11.     To the extent discrimination was a motivating factor in the decisions affecting Plaintiff (which Defendants deny), legitimate reasons (standing alone) would have induced Chase to make the same decisions.

### TWELFTH DEFENSE

#### (Unclean Hands)

12.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

### THIRTEENTH DEFENSE

#### (Waiver)

13.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

### FOURTEENTH DEFENSE

#### (Avoidable Consequences)

14.     The claims of Plaintiff are barred, or recovery reduced, because:  (a) Chase took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Chase provided; and (c) reasonable use of Chase's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

### FIFTEENTH DEFENSE

#### (Prevention of Discriminatory or Retaliatory Behavior)

15.     Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, Chase exercised reasonable care to prevent and/or to promptly correct any alleged discriminatory or retaliatory conduct.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-4-

DB2/ 22817696.2                                    ANSWER

EXHIBIT "D" - PAGE 24

## SIXTEENTH DEFENSE

### (Lack of Causation)

16.   To the extent Plaintiff has incurred any damages, which Defendants expressly deny, such alleged damages were not proximately caused or legally caused by Defendants.

## SEVENTEENTH DEFENSE

### (After-Acquired Evidence)

17.   To the extent during the course of this litigation Defendants acquire any evidence of wrongdoing by Plaintiff, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

## EIGHTEENTH DEFENSE

### (Defendant's Good Faith Engagement in Interactive Process)

18.   Chase engaged in a good faith interactive process to make reasonable accommodations for Plaintiff's alleged disabilities that would not cause an undue hardship on Chase.

## NINETEENTH DEFENSE

### (Undue Hardship/Requested Accommodation Unreasonable)

19.   The disability accommodation(s) that Plaintiff sought, if any, were not reasonable or would have imposed an undue hardship on Chase.

## TWENTIETH DEFENSE

### (Inability to Perform Essential Job Duties)

20.   Plaintiff was not able to perform her essential job duties even with reasonable accommodation.

## TWENTY-FIRST DEFENSE

### (Excuse)

21.   Plaintiff's claims are barred in whole or in part because Plaintiff's actions or inactions served to excuse any performance by Chase.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22817696.2

-5-

ANSWER

EXHIBIT "D" - PAGE 25

**TWENTY-SECOND DEFENSE**

**(Proportional Economic Damages)**

22.    Any non-economic damages sustained by Plaintiff in this action were due to the fault of someone other than Defendant, and under California Civil Code § 1431.2, the Fair Responsibility Act of 1986, Defendants can only be held liable to those economic damages proportionally caused by the fault of Defendant.

**TWENTY-THIRD DEFENSE**

**(Reservation of Rights)**

23.    Defendant reserves the right to assert additional defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of her Complaint;

2    That the Complaint herein be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendants and against Plaintiff on all causes of action contained in the Complaint;

3.    That Defendants be awarded their reasonable costs and attorneys' fees incurred by this action; and

4.    For such other and further relief as the Court deems just and proper.

Dated: December 2, 2011                    MORGAN, LEWIS & BOCKIUS LLP


By _Carrie Gonell (AG)_
    Carrie A. Gonell
    Attorneys for Defendants
    JPMORGAN CHASE, N.A. and
    JPMORGAN CHASE & CO.

## PROOF OF SERVICE

*Wiley v. JPMC*
*LASC Case No. SC114670*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On December 2, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANTS JPMORGAN CHASE, N.A. AND
JPMORGAN CHASE & CO.'S ANSWER TO COMPLAINT**

[  ]   **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)**  - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL:  (C.C.P. § 1013(a))**  - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]   **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[  ]   **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

PROOF OF SERVICE

EXHIBIT "D" - PAGE 27

1

2 | LAW OFFICES OF MARK YABLONOVICH | *Attorneys for DAWN WILEY*

3 Mark Yablonovich, Esq.
Neda Roshanian, Esq.

4 Michael Coats, Esq.
1875 Century Park East, Suite 700

5 Los Angeles, CA  90067-2508
Phone: 310.286.0246

6 Fax:    310.407.5391
mark@yabomovichlaw.com

7 neda@yablonovichlaw.com
michael@yablonovichlaw.com

8

9

10

11      [ X ]  **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

12      [   ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

13      Executed on December 2, 2011, at Irvine, California.

14

15

16                                                        Patricia Martin

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-2-

PROOF OF SERVICE

EXHIBIT "D" - PAGE 28

1

## PROOF OF SERVICE

2

_Wiley v. JPMorgan Chase Bank, N.A., et al._

3

    I am a resident of the State of California, County of Orange; I am over the

4

age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

5

    On December 5, 2011, I served on the interested parties in this action the

6

within document(s) entitled:

7

**DEFENDANTS JPMORGAN CHASE BANK, N.A.**

**AND JPMORGAN CHASE & CO.'S NOTICE OF**

8

**REMOVAL TO THE UNITED STATES DISTRICT**

**COURT FOR THE CENTRAL DISTRICT OF**

9

**CALIFORNIA**

10

[ ]    **BY FAX: -** by transmitting via electronic facsimile the document(s)

11

listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the

12

transmission.

13

[ X ]    **BY MAIL: -** by placing the document(s) listed above in a sealed

14

envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar

15

with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal

16

Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party

17

served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

18

mailing in affidavit.

19

[ ]    **BY OVERNIGHT MAIL - By FEDERAL EXPRESS**, following

20

ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s)

21

will be deposited with said overnight mail service on said date in the ordinary course of business.

22

23

[ ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By

24

placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by

25

causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

26

27

28

DB1/65991350.1

1

2

3

4

     [ ]    **BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on December 5, 2011. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is <u>pmartin@morganlewis.com</u>.

5

6

7

     [ ]    **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

8

| | |
|---|---|
| LAW OFFICES OF MARK YABLONOVICH<br>Mark Yablonovich, Esq.<br>Neda Roshanian, Esq.<br>Michael Coats, Esq.<br>1875 Century Park East, Suite 700<br>Los Angeles, CA 90067-2508<br>Phone: 310.286.0246<br>Fax: 310.407.5391<br><u>mark@yabomovichlaw.com</u><br><u>neda@yablonovichlaw.com</u><br><u>michael@yablonovichlaw.com</u> | *Attorneys for Plaintiff*<br>*DAWN WILEY* |

9

10

11

12

13

14

15

16

     [ X ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

17

     Executed on December 5, 2011, at Irvine, California.

18

19

20
                                            Patricia Martin

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 10069 PSG (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Dawn Wiley | **DEFENDANTS** <br> JPMorgan Chase Bank; JPMorgan Chase & Co.; and DOES 1 through 100, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Mark Yablonovich, Esq. / Neda Roshanian Esq. / Michael Coats, Esq. <br> LAW OFFICES OF MARK YABLONOVICH <br> 1875 Century Park East, Suite 700, Los Angeles, CA 90067 / Tel: 310.286.0246 | Attorneys (If Known) <br><br> Morgan Lewis & Bockius, LLP <br> Carrie A. Gonell, Esq. / Alexander L. Grodan, Esq. / John Hayashi, Esq. <br> 5 Park Plaza, Suite 1750, Irvine, CA 92614 <br> Tel: 949.399.7000 / Fax: 949.399.7001 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☑ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | **CIVIL RIGHTS** | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 441 Voting | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 442 Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 443 Housing/Acco-mmodations | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 444 Welfare | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 445 American with Disabilities - Employment | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 446 American with Disabilities - Other | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11-10069 PSG (FMOx)**

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio, New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 12/5/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |